**Link to Docs 25 & 26**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5875 PSG (Ex) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Michael Ungerleider v. Bank of America Corp., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:** **(In Chambers) Order GRANTING Defendants' motion to dismiss the First Amended Complaint.**

    Pending before the Court are Defendants' motion to dismiss the First Amended Complaint ("FAC") and Defendants' motion to strike portions of the FAC. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motions.

I.    <u>Background</u>

    This action arises from a mortgage loan transaction and Plaintiff Michael Ungerleider's ("Plaintiff") subsequent default on the loan. In December 2005, Plaintiff obtained a home loan in the amount of $540,000.[1] *FAC* ¶ 6. Plaintiff alleges that in June 2009, his representative (a professional loan re-negotiator) had a telephone conversation with "[D]efendants' representatives." *FAC* ¶¶ 10-12. During this conversation, the parties allegedly reached an agreement to modify Plaintiff's loan. *Id.* According to the FAC, under the terms of this oral agreement, Plaintiff's monthly payment was to be reduced by $1,225.68 (from a monthly payment of $3,457.68 to a payment of $2232.00), and the prior interest rate of 6.625% was to be reduced to 3%. *FAC* ¶ 12.

---

[1] Although Plaintiff initially entered into the loan agreement with Countrywide Home Loans, Inc., *FAC* ¶ 6, Bank of America/BAC subsequently became the "note-holder" of record. *Id.* ¶ 8. The FAC asserts that during the relevant time period, all payments were to be paid to Bank of America and BAC Home Loans Servicing, LP. *Id.*

**Link to Docs 25 & 26**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5875 PSG (Ex) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Michael Ungerleider v. Bank of America Corp., *et al.* | | |

Subsequently, Plaintiff allegedly made four payments at this lower rate. *Id.* ¶¶ 18-19. However, in September 2009, Plaintiff alleges that he received a notice from Defendants indicating that he was in default on the loan obligation. *Id.* ¶ 20. According to the FAC, when Plaintiff contacted BAC in response to the notice, he was "told by the representative of BAC in a telephone conversation that the computer records of BAC did in fact confirm that he was in compliance with the repayment schedule of the loan and that the computer records confirmed that an agreement was in place requiring that the Plaintiff pay $2,232.00 each and every month." *Id.* ¶ 22.

Plaintiff alleges that he continued to pay the lower rate for six more months, *id.* ¶ 23, even though by January 2010 he was aware that Defendants had reported to various credit agencies that he was in arrears on the loan. *Id.* ¶ 27. The FAC further asserts that between September 2009 and June 2010, Defendants contacted Plaintiff "no less than 15 times" regarding the default status of his loan. *Id.* ¶ 28. Although Plaintiff allegedly requested written confirmation of the loan modification agreement during one such conversation, the FAC asserts that Plaintiff was told by an unnamed BAC agent that written confirmation was "not necessary as the records of the defendants in fact confirmed the implementation of the agreement." *Id.* In April 2010, after ten months of making reduced payments, Plaintiff stopped making payments altogether.

On October 18, 2010, Plaintiff filed a First Amended Complaint ("FAC") against Defendants Bank of America Corporation ("Bank of America") and BAC Home Loans Servicing, LP ("BAC") (collectively, "Defendants") alleging one cause of action for fraud. Plaintiff asserts that Defendants falsely told him that his loan had been modified such that monthly payment was reduced, when in fact it was not. *Id.* ¶ 35. He claims that but for these false representations, he would not have made insufficient payments on the loan, and would not have "suffered the effects of the negative credit reports that Defendants made as a result of his justifiable reliance on their representations." *Id.*

On November 4, 2010, Defendants Bank of America and BAC moved to dismiss the FAC on grounds that Plaintiff failed to state a claim for fraud. *See* Dkt. #25 (Nov. 4, 2010). At the same time, Defendants filed a motion to strike portions of Plaintiff's FAC pertaining to punitive damages. *See* Dkt. #27 (Nov. 4, 2010).

II.     Legal Standard

**Link to Docs 25 & 26**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5875 PSG (Ex) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Michael Ungerleider v. Bank of America Corp., *et al.* | | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). To further the inquiry, the Court may consider documents outside the pleadings if the authenticity of the extrinsic materials is not questioned and the complaint either refers to them or necessarily relies upon them. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded by statute on other grounds*.

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Ashcroft*, 129 S. Ct. at 1950. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

Additionally, under Rule 9(b), a claim for fraud must be stated with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud."). The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a minimum, that the complaint allege evidentiary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5875 PSG (Ex) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Michael Ungerleider v. Bank of America Corp., *et al.* | | |

facts, such as the time, place, persons, and statements, and explanations as to why the statements were misleading. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (noting that the pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong" (internal quotation omitted)). In addition, plaintiffs seeking to satisfy Rule 9(b) must "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548; *see also Fecht v. Price Co.,* 70 F.3d 1078, 1082 (9th Cir. 1995).

III.     Discussion

In moving to dismiss the FAC, Defendants present two arguments. First, they contend that Plaintiff's fraud claim is barred by the statute of frauds. *Mot.* 4:4-22. Second, Defendants argue that the FAC lacks the required specificity and fails to plead all elements requisite to Plaintiff's fraud cause of action. *Mot.* 4:24-7:11. In addition, Defendants claim that Bank of America is not a proper party to this action because all of the allegations pertain to BAC, the "entity that services Plaintiff's loan." *Mot.* 7:23. The Court will address each in turn.

A.     Whether the Statute of Frauds Bars Plaintiff's Fraud Claim

As previously noted, Plaintiff's fraud claim is grounded in allegations that Defendants falsely represented that Plaintiff's loan was modified such that his monthly payment was significantly reduced. *See FAC* ¶ 41 (describing Defendants' representations as "part of an ongoing plan and scheme by Defendants to trick unsuspecting borrowers."). Defendants now contend that the FAC should be dismissed because the alleged loan modification agreement upon which Plaintiff's fraud claim is based is invalid under the statute of frauds.

The statute of frauds doctrine requires certain agreements to be memorialized in writing and subscribed by the party to be charged or the party's agent. *See* Cal. Civ. Code § 1624(a); *Mot.* 4:5-7. Here, according to Defendants, the alleged loan modification agreement is subject to the statute of frauds because it concerned real property. *See* Cal. Civ. Code § 1624(a)(3); *id.* §1698 (an agreement to modify a contract that is subject to the statute of frauds also falls under the statute of frauds). Defendants go on to argue that given the FAC's multiple averments that the agreement was never reduced to writing, the alleged loan modification agreement would be

**Link to Docs 25 & 26**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5875 PSG (Ex) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Michael Ungerleider v. Bank of America Corp., *et al.* | | |

barred by the statute of frauds. They thus conclude that Plaintiff's fraud claim is barred accordingly. *Mot.* 4:18-22. The Court, however, disagrees.

Defendants may be correct that the alleged loan modification agreement would be subject to, and accordingly invalid under, the statute of frauds. However, the statute provides a defense to *enforcement* of a contract. *See generally* 1 Witkin, Summary 10th (2005) Contracts, § 342. In this case, Plaintiff is not seeking to enforce the loan modification agreement; the gravamen of this lawsuit is fraud, not breach of contract. Thus, because the statute of frauds provides no defense to the allegedly actionable conduct pled in the FAC, the Court finds that dismissal is not warranted on this basis. *Cf. Zimmerman v. Bank of America Nat. Trust and Savings Ass'n*, 191 Cal. App. 2d 55 (1961) (holding that a defendant sued for maliciously inducing a third person to breach his oral contract with plaintiff cannot defend on the ground that the contract was unenforceable under the statute of frauds); *Gann v. Williams Brothers Realty, Inc.,* 231 Cal. App. 3d 1698, 283 Cal. Rptr. 128 (1991) (failure to satisfy the statute of frauds also does not affect the right of principals to sue real estate broker for breach of fiduciary duty or similar cause of action.)

B. <u>Whether the FAC States a Claim for Common-law Fraud</u>

To state a fraud claim under California law, a plaintiff must allege (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Gil v. Bank of Am., Nat'l Ass'n,* 138 Cal. App. 4th 1371, 1381, 42 Cal. Rptr. 3d 310 (2006). A court may dismiss fraud claims where the allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003); *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007).

Rule 9(b) requires that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' " *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001). Thus, a party alleging fraud must "set forth *more* than the neutral facts necessary to identify the transaction[,]" *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted), and actually allege"the who, what, when, where, and how" of the misconduct charged. *Vess,* 317 F.3d at 1106 (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5875 PSG (Ex) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Michael Ungerleider v. Bank of America Corp., *et al.* | | |

     Further, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations of his alleged participation in the fraud." *Swartz,* 476 F.3d at 764-65 (internal citations omitted). A plaintiff alleging fraud against multiple defendants must, at minimum, identify the role of each defendant in the allegedly fraudulent scheme. *See Travelers Cas. and Sur. Co. of America v. Desert Gold Ventures, LLC*, No. CV 09-4224 PSG, 2010 WL 546376, *4 (C.D. Cal., Feb. 10, 2010) (quoting *Swartz,* 476 F.3d at 765). The burden is even greater for plaintiffs asserting fraud claims against corporations. In such cases, a plaintiff "must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Lazar v. Superior Court,* 12 Cal. 4th 631, 645, 49 Cal.Rptr.2d 377 (1996).

     The Court finds that Plaintiff's FAC fails to satisfy the heightened pleading requirements of Rule 9(b). Plaintiff does not identify the individuals who made the misrepresentation or false statements, nor does he allege their authority to speak on behalf of Defendants. The Court is not even able to discern from the FAC's vague reference to "representatives of defendants," *FAC* ¶ 12, which Defendant is alleged to have entered into the allegedly false oral loan modification agreement. Such conclusory allegations are insufficient to "ensure that the defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations." *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1995) (stating the purpose of Rule 9(b)). Accordingly, the Court finds that Plaintiff did not adequately plead a fraud cause of action against Defendants.[2] *See also Edejer v. DHI Mortgage, Co.,* No. CV 09-1302 PGH, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009) (dismissing fraud claim where plaintiff did not allege any misrepresentation or false statements made by defendants and failed to allege names of individuals who made fraudulent representations); *Spencer v. DHI Mortgage Co.,* 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009) (dismissing the plaintiff's fraud claim without leave to amend because it failed to satisfy Rule 9(b)'s " 'who, what, when, where and how' requirements").

     C.     <u>Whether Bank of America is a Proper Party</u>

---

[2] For similar reasons, the Court finds that Plaintiff has not pled sufficient facts to support an award of punitive damages against Defendants. Thus, to the extent it is not mooted by the Court's decision to grant Defendants' motion to dismiss, the motion to strike portions of the FAC pertaining to punitive damages is also GRANTED with leave to amend.

**Link to Docs 25 & 26**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5875 PSG (Ex) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Michael Ungerleider v. Bank of America Corp., *et al.* | | |

   Lastly, Defendants contend that Bank of America is an improper party, and should be dismissed from this action. *Mot.* 7:12-26. According to Defendants, the allegations in the FAC concern only loan servicing, and thus can only be brought against BAC, which is the entity that serviced Plaintiff's loan. *Mot.* 7:23. However, while the FAC alleges that a representative of Defendant BAC confirmed the lower payment rate, the FAC is ambiguous as to which Defendant allegedly entered into the loan modification agreement with Plaintiff's representative. *FAC* ¶ 12. Taking the allegations in the pleadings as true and drawing inferences in favor of the non-moving party as is proper on a motion to dismiss, the Court cannot, at this stage in the proceedings, find that Bank of America is an improper defendant in this action. The mere averment in Defendants' motion papers that BAC is the sole entity that serviced Plaintiff's loan does not, without more, warrant dismissal of Bank of America with prejudice.

IV. Conclusion

   For the foregoing reasons, Defendants' motion to dismiss the FAC is GRANTED with leave to amend. Failure to amend the pleadings in accordance with this Order by **January 18, 2011** will result in dismissal of the action with prejudice.

  **IT IS SO ORDERED.**